UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIELA ZAZUETA-LUCERO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 3:26-cv-00621-MMD-CSD<br>ORDER |

## I. SUMMARY

Petitioner Daniela Zazueta-Lucero, an immigration detainee challenging her ongoing federal detention at Washoe County Detention Center, filed a counseled federal habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").)[1] Because the government has failed to follow its own regulations concerning re-detention and consequently Zazueta-Lucero's Fifth Amendment due process rights have been violated, the Court grants the Petition and orders Zazueta-Lucero released.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of Mexico and has resided in the United States since she was a child. (ECF No. 1 at 6.) Zazueta-Lucero previously obtained lawful permanent resident status but was ordered removed on June 6, 2003. (*Id.*) Zazueta-Lucero was detained by U.S. Immigration and Customs Enforcement ("ICE") on May 10, 2016. (*Id.* at 9.) She was subsequently released from physical custody pursuant to a written Order of Supervision. (ECF Nos. 2-2; 1 at 9.) On January 23, 2023, Zazueta-Lucero was denied withholding of removal under § 241(b)(3) of the Immigration and Nationality Act or under the Convention

[1]Respondents filed an answer (ECF No. 10) and Petitioner replied (ECF No. 11). Petitioner also filed an Emergency Motion for a Temporary Restraining Order asking the Court to order her immediate release. (ECF No. 2.)

Against Torture ("CAT"), but she was granted deferral of removal under CAT. (ECF No. 1 at 10.)

Zazueta-Lucero was later arrested by the Reno Police Department on an embezzlement charge in April 2026; that criminal matter remains pending. (*Id.*) Zazueta-Lucero's family posted bail, but when she was released from state custody on August 8, 2026, she was transferred directly to ICE custody. (*Id.*) ICE interviewed Zazueta-Lucero and informed her that she would not be released. (*Id.*) Zazueta-Lucero was given no written notice revoking her Order of Supervision or provided with documentation identifying the reason for her re-detention. (*Id.* at 10-11.) Zazueta-Lucero has remained in detention. (*Id.* at 11.)

**III. DISCUSSION**

**A. Revocation of Release Due Process Requirements**

Zazueta-Lucero argues that her re-detention violates her Fifth Amendment due process rights because ICE failed to comply with the mandatory revocation procedures set forth in 8 C.F.R. § 241.4(l)(1) and § 241.13(i)(3).[2] These regulations govern release and revocation of release of noncitizens subject to a final order of removal. *See* 8 C.F.R. §§ 241.4, 241.13. These regulations permit revocation of release only if the appropriate official "determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future" and makes that finding "on account of changed circumstances." § 241.13(i)(2). And "upon revocation, the noncitizen will be notified of the reasons for revocation of his or her release or parole and will be given an initial informal interview promptly after his or her return to Service custody to respond to

[2]Petitioner argues that she is entitled to this process under either 8 C.F.R. § 241.4(l)(1) or § 241.13(i)(3). Section 241.4 applies to persons granted withholding or deferral under CAT who are otherwise subject to detention. 8 C.F.R. § 241.4(b)(3). But if Petitioner's prior release resulted from a determination under § 241.13 that there was no significant likelihood of removal in the reasonably foreseeable future, § 241.13 supplies the more specific revocation rules. Neither Petitioner nor Respondents have stated which provision applies in this case. (*See generally* ECF Nos. 1, 10.) Because Petitioner is entitled to this process under either provision, the Court makes no determination as to the governing provision.

the reasons for revocation stated in the notification." *Verdugo-Carrasco v. United States*, No. 2:25-CV-02374-CDS-BNW, 2026 WL 266758, at *3 (D. Nev. Feb. 2, 2026) (citing §§ 241.4(l)(1), 241.13(i)(3)) (internal quotes omitted and alterations adopted).

Though Zazueta-Lucero received an informal interview when she was detained in August 2026, she was given no written notice revoking her Order of Supervision and identifying the basis upon which ICE revoked her release.[3] (ECF No. 1 at 17.) Zazueta-Lucero was accordingly not provided an opportunity to respond to the reasons for the revocation of her release. (*Id*. at 21.) By failing to provide Zazueta-Lucero with adequate notice and the opportunity to contest the revocation of her release, Respondents violated her due process rights. *See Verdugo-Carrasco*, 2026 WL 266758, at *4; *see also Grigorian v. Bondi*, 824 F. Supp. 3d 1243, 1251 (S.D. Fla. 2025) ("ICE failed to provide Petitioner with a meaningful opportunity to contest the revocation of his [release] through an informal interview. This violates both ICE's own regulations and the Due Process Clause of the Fifth Amendment.").

**IV. REMEDY**

Respondents argue that even if Zazueta-Lucero was not afforded the required process, any deficiencies can be cured by providing that process now and release is unwarranted. (ECF No. 10 at 8-9.) The Court disagrees. A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). The procedures set out in § 241.4 and § 241.13 protect fundamental due process rights. *See Tan-Gutierrez v. Noem*, No. 3:26-CV-00152-RBM-BJW, 2026 WL 194747, at *4 (S.D. Cal. Jan. 26, 2026); *Grigorian*, 824 F. Supp. 3d at 1255 ("The opportunity to contest detention through an informal interview is not some ticky-tacky procedural requirement; it strikes at the heart of what due process demands."). Therefore, the Court finds that in the face of these serious due process violations, immediate release is the appropriate remedy. Indeed,

[3]Respondents do not argue that they provided any form of written notice. (*See* ECF No. 10 at 3.)

"[m]ost district courts have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered." *Tan-Gutierrez*, 2026 WL 194747, at *4 (internal quotes omitted); *see also* *Verdugo-Carrasco*, 2026 WL 266758, at *4; *Grigorian*, 824 F. Supp. 3d at 1256 (collecting cases).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Zazueta-Lucero's Petition (ECF No. 1) is granted. Respondents must immediately release Zazueta-Lucero no later than 5:00 PM on Wednesday, October 7, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Zazueta-Lucero.

It is further ordered that Zazueta-Lucero's Emergency Motion for Temporary Restraining Order (ECF No. 2) is denied as moot.

It is further ordered that the parties shall file a joint status report by Thursday, October 8, 2026 confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment in accordance with this order and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 6th Day of October 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE